UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.	CASE NO. 8:10-cr-232-T-23MAP
	8:13-cv-2634-T-23MAP

RONALD JILES
_____/

**O R D E R**

In 2010 Jiles pleaded guilty under the terms of a plea agreement (Doc. 35) to possession with the intent to distribute 50 grams or more of cocaine base, and he was sentenced to life imprisonment because of his numerous prior drug convictions. (Doc. 41)  In 2012 Jiles was re-sentenced to 120 months imprisonment under the modifications in the Fair Sentencing Act.  (Doc. 55)  Pending is Jiles's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) in which he challenges the validity of his 2010 conviction.  Contending that the federal one-year limitation bars Jiles from challenging his conviction, the United States moves to dismiss the motion to vacate.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate.  "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f).  Jiles's judgment was entered on November 23, 2010, and became final fourteen days later upon the

expiration of the time to appeal as established in Rule 4(b)(1), Federal Rules of Appellate Procedure (2010). Consequently, Jiles conviction became final on December 7, 2010, and his one-year limitation expired on December 7, 2011. The motion to vacate is nearly two years late under Section 2255(f)(1).

Benefitting greatly from a modification to the sentencing guidelines under the Fair Sentencing Act, Jiles in 2012 received a reduced term of imprisonment from life to 120 months. However, Jiles acquires no new limitation to challenge the 2010 conviction. As *United States v. Ragin*, 460 Fed. App'x 282, 382–83 (11th Cir. 2012),[*] explains, the finality of a conviction is unaffected by an amendment to the judgment:

> The district court's amended judgment sentencing Ragin to time served does not affect the finality of the court's initial judgment of conviction. *See* 18 U.S.C. § 3582(b) (2006); *United States v. Sanders,* 247 F.3d 139, 143 (4th Cir. 2001) ("The plain text of § 3582(b) clearly states that [a later sentencing] modification does not affect the date on which [a defendant's] judgment of conviction [becomes] final 'for all other purposes.'"); *accord Murphy v. United States,* 634 F.3d 1303, 1308 (11th Cir. 2011). Although the district court's amended judgment has presented Ragin with the opportunity to appeal the new sentence imposed, it does not reset the clock to allow him to appeal a twenty-year-old conviction. As explained by the Eleventh Circuit in *Murphy,* Congress enacted § 3582(b) to ensure that the correction or modification of a sentence would not impact the finality of a judgment of conviction. "Had Congress not done so, a defendant could have argued that a sentence modification entitled him to a new direct appeal where he could challenge anything that could have been challenged on a first direct appeal." 634 F.3d at 1308.

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

The one-year limitation bars Jiles from challenging his conviction because the motion to vacate, which he filed in 2013, asserts three grounds, each of which challenges the 2010 proceedings.

Accordingly, the motion to dismiss (Doc. 7) is **GRANTED**. The motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jiles is not entitled to a certificate of appealability ("COA"). A prisoner moving to vacate his sentence has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Jiles must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Jiles cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Jiles is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

- 4 -

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Jiles must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 18, 2015.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE